# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHWESTERN DIVISION

| | |
|---|---|
| **ADAISHA GARRETT,** )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>**UNITED STATES OF AMERICA,** )<br>)<br>Respondent. ) | Case No. 3:24-cv-8007-LCB |

## MEMORANDUM OPINION

Before the Court is Adaisha Garrett's Motion to Vacate, Set Aside, or Correct Sentence. Doc. 1. Because Garrett has not provided sufficient factual allegations, the Court WILL DISMISS her petition.

Garrett filed a motion to vacate or set aside her sentence under 28 U.S.C. § 2255 on April 1, 2024, Doc. 1, and the United States submitted its response shortly thereafter. Doc. 7. In her motion, Garrett asserts two grounds for relief: ineffective assistance of counsel, and the length of her sentence compared to her codefendants. Doc. 1 at 4. Neither is grounds for relief under § 2255.

**I.   Garrett has offered no evidence that she was denied the effective assistance of counsel.**

Garrett's first ground for relief is that she was "deni[ed] . . . effective assistance of counsel. Doc. 1 at 4. This claim fails because Garrett has offered just four allegations to support it:

1

- Counsel "did not assi[s]t [her] with anything regarding [her] case." *Id.*
- She "was told nothing about" her ability to "file a direct appeal after sentencing" or the 14-day limit to file a notice of appeal. *Id.*
- She "was not told anything about the safety valve" by counsel. *Id.*
- Her attorney at sentencing "only went by the things [her] first attorney said and didn't try to help." *Id.*

But conclusory, barebones allegations like these, without more, are not enough to entitle a petitioner to relief under § 2255. In fact, "[a] petitioner" raising their counsel's ineffectiveness "is not [even] entitled to an evidentiary hearing," let alone actual relief, "when [her] claims are merely 'conclusory allegations unsupported by specifics." *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991) (cleaned up).

Further, Garrett's allegations—even if not conclusory— are "wholly incredible" in light of the trial record. *Id.* Garrett says counsel "did not assi[s]t [her] with anything regarding [her] case," Doc. 1 at 4, but that is contradicted by the record. Garrett's counsel obtained multiple continuances of her sentencing, spoke at length on her behalf during her sentencing, Cr. Doc. 138 at 4-9,[1] and successfully advocated for Garrett's incarceration in a facility with a drug abuse program that was close to her family. *Id.* at 7-8.

Garrett says she was never told that she could "file a direct appeal after sentencing," or about the 14-day limit to file an appeal. Doc. 1 at 4. But Garrett

---

[1] Any citations to "Cr. Doc." are a reference to the docket in Garrett's criminal case, 3:22-cr-00245-LCB-HNJ-3.

never says *who* failed to give her this information. In any event, even if (1) Garrett's counsel should have informed her and did not, and (2) her plea agreement allowed her to appeal, such an omission would be harmless, since this Court *twice* informed Garrett at sentencing that she "ha[d] the right to appeal the sentence imposed within 14 days if [she] believe[d]" it violated the law. Cr. Doc. 138 at 15.

Similarly, Garrett's allegation that her counsel failed to inform her of the safety valve is irrelevant because this Court *applied* the safety valve to Garrett's sentence. *Id.* at 3-4.

Finally, Garrett says her counsel "only went by the things [her] first attorney said and didn't try to help." Doc. 1 at 4. Beyond a repetition of her first point, the Court construes this as an assertion that her counsel should have made changes to the sentencing memorandum prepared by her previous counsel. But Garrett's counsel explicitly stated at sentencing that although it was his "personal practice to prepare a sentencing memorandum" for his clients, it was his opinion that Garrett's previous counsel "did an excellent job with" the sentencing memorandum, and therefore he "saw no need to supplement that or file a separate memorandum." Cr. Doc. 138 at 4. Beyond that, Garrett has not offered any specific facts or arguments her first attorney's deficiencies, or how her counsel at sentencing should have differed. That is not enough for the Court to conclude that Garrett was denied access to effective counsel.

## II. Comparative length of sentence is not grounds for a sentence adjustment.

Garrett's second reason for the court to vacate, set aside, or correct her sentence is that she "was at the bottom of the indictment with the most time." Doc. 1 at 4. In support, she says only that her counsel "never explained . . . why [Garrett] received more time than" her codefendants. Doc. 1 at 4. But Garrett did not receive the most time. While Garrett received a sentence of 87 months (Cr. Doc. 129), Garrett's codefendants received sentences of 176 months (Cr. Doc. 110), 168 months (Cr. Doc. 83), 21 months (Cr. Doc. 135), and 15 months (Cr. Doc. 108), which places Garrett's sentence of 87 months squarely in the middle. What's more, Garrett has provided—and the Court can find—no law or statute dictating that the length of a sentence compared to a codefendant's sentence is legally relevant. The Court will not adopt that unsupported position here.

## III. Conclusion

For all these reasons, Garrett's Motion to Vacate, Set Aside, or Correct her sentence under 28 U.S.C. § 2255 is **DENIED**. Doc. 1.

**DONE** and **ORDERED** this July 11, 2025.

_____
LILES C. BURKE
UNITED STATES DISTRICT JUDGE